IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY as subrogee of Two Sons International, LLC, | 2:24-cv-04705-DCN |
| Plaintiff, | |
| v. | |
| SHRENO LIMITED (GLASS DIVISION), | |
| Defendant. | |

## **COMPLAINT**

COMES NOW the Plaintiff, Crum & Forster Specialty Insurance Company., as subrogee of Two Sons International, LLC, by and through undersigned counsel, and for its Complaint against Defendant Shreno Limited respectfully shows as follows:

## **PARTIES**

1.      Crum & Forster Specialty Insurance Company ("C&F") is an insurance company incorporated in New Jersey with its principal place of business in New Jersey. At all times material to this action, C&F insured Two Sons International, LLC (TSI") through product recall insurance. TSI is based in South Carolina and maintains operations in various states in the United States.

2.      Defendant Shreno Limited (Glass Division) is a foreign entity organized under the laws of India with its headquarters or principal place of business in India.  At all times relevant hereto Shreno was in the business of designing, manufacturing, distributing and/or selling glass containers suitable for use as candle receptacles for sale in the United States.

## **JURISDICTION**

3.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because complete diversity exists and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4.      The Court may fairly exercise personal jurisdiction over Shreno due to its contacts with the United States.  Shreno entered into a business relationship with TSI in South Carolina.  Pursuant to that relationship, Shreno manufactured and sold to TSI over five and a half million 7-ounce glass jars via at least 10 separate purchase orders.  Each of the purchase orders expressly noted that TSI was in South Carolina and that the products would be shipped to the United States.  These purchases, and potentially others, resulted in more than 100 commercial invoices generated and signed by Shreno.  More than 40 of those invoices note that the buyer of the glass jars is located in South Carolina.  At least 65 of the commercial invoices noted TSI or its affiliates located in South Carolina as the party to be noticed regarding the shipments.  At least 45 of the commercial invoices note South Carolina as the port of discharge for the goods.   These commercial invoices were completed by Shreno and each and every one includes a declaration of accuracy signed and sealed by a Shreno representative.  Thus, it is indisputable that Shreno knowingly and intentionally supplied manufactured goods to a company in South Carolina.

5.      By contracting to supply things in South Carolina, and by manufacturing goods with the reasonable expectation that those goods are to be used in South Carolina, Shreno purposely directed its activities toward South Carolina.  Shreno's goods were used in South Carolina and this claim arises from that use.  As a result, this Court may fairly exercise personal jurisdiction over Shreno under the South Carolina long arm statute and relevant federal standards.

6.      Even further, this business relationship was initiated and maintained through contacts intentionally directed toward South Carolina through emails and phone calls with TSI representatives located in the state.

## VENUE

7.      Venue is proper in this District under U.S.C. § 1391(a) because acts or omissions giving rise to this claim occurred within this District and because damages that are the subject of this action accrued in this District.

## FACTUAL BACKGROUND

8.      TSI purchases glass containers to be filled with wax and sold as candles throughout the United States.

9.      For this purpose, TSI worked to purchase millions of glass containers from Shreno.  Shreno was aware of the intended use of and the required specifications for the glass containers.

10.      Shreno was aware the glass containers would be resold in the United States.

11.      To complete the sale of the glass containers to TSI, Shreno consigned the glass containers to a shipper for delivery to TSI via ports in South Carolina and others.

12.      TSI used the glass containers in its manufacture or assembly of candles and sold the candles to its retail customers in South Carolina and many other states.  One of TSI's significant customers notified TSI of an unacceptable level of glass failures in the candles and required TSI to recall the candles.

13.      As part of the investigation of the recall, TSI engaged a glass testing laboratory to determine the nature and/or cause of the glass failures.  The lab performed testing in the United States to determine whether the glass was suitable for its intended use.  The lab concluded, based

on ASTM standards, that a large majority of the tested glass lots failed to meet appropriate specifications for use. Shreno attended the testing in the United States.

14.    TSI was forced to destroy or otherwise dispose of all of the glass containers. TSI suffered substantial damages as a result of the defects in Shreno's glass containers.

15.    C&F paid TSI for its losses pursuant to its policy of insurance.

16.    C&F now seeks recovery of $2,565,758.00 in compensation for economic damages caused by Shreno's defective glass containers.

## COUNT I
### *Breach of Warranty*

17.    TSI contracted with Shreno to purchase glass containers suitable for use as candles.

18.    Shreno delivered glass containers that failed to meet specified quality standards necessary for them to be used for their intended purpose.

19.    Shreno's failure to provide suitable glass containers breached its implied or express warranties related to those containers.

20.    As a result of Shreno's breach of its warranties, TSI suffered substantial damages. C&F has asserted its right of subrogation and demanded payment from Shreno in compensation for those damages, but Shreno has refused that demand.

21.    C&F therefore requests judgment from this Court in the amount of $2,565,758.00 as compensation for those damages.

WHEREFORE, Plaintiff prays this Court:

1.     Order a trial by jury on all issues enumerated in this Complaint;

2.     Order the Plaintiff recover from the Defendant damages in the amount of $2,565,758.00, the costs of this action, and interest as allowed by law; and

3.     Order such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of August, 2024.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Zachary M. Jett
Zachary M. Jett, Esq.  SC Federal ID 12102
11525 N. Community House Road, Suite 300
Charlotte, North Carolina  28277
Telephone: (704) 543-2321
Facsimile:  (704) 543-2324
Email:  zjett@butler.legal
*Attorney for Plaintiff*